Good morning, Your Honors. May it please the Court. My name is Daniel Wierzba. I'm here from Cypress, Shaw, and I represent the petitioner, Mr. Tokpan, in this matter. And thank you for doing this. Thank you, Your Honor. It's my pleasure to be here this morning before this Court today, especially on this day, Election Day, where the country gets to emphasize and show off its constitutional aspect when we get the right to vote. This case is about another aspect of that constitutional process, federalism, and the interplay between the federal government and the states. At its core, this case is a relatively simple case. During Mr. Tokpan's removal proceedings, which are undisputedly civil in nature, the immigration judge and then later the BIA were required to provide full faith and credit to a California state penal statute that says that when a defendant pleads nolo contendere to a misdemeanor,    And I'm really happy to be here. Counsel, I have trouble with that argument. Let me tell you why. Okay. I look at 8 U.S.C. 110148A, and it looks as though Congress spoke expressly to this. They say conviction means a formal judgment of guilt, which you get on a NOLO plea, or even if an adjudication of guilt has been withheld, as you sometimes get with suspended imposition of sentence, where the alien has entered a plea of NOLO contendering. So it seems as though Congress spoke as clearly as could be that NOLO is enough. And then I look at the California statute, and I can't even really see a contradiction that necessitates looking at the supremacy clause, though if there were one, obviously, California can decide for its uses what the effect of a NOLO plea is, and the Feds can decide for their uses. Thank you, Your Honor. The point that I'm making in this case and in my briefing is that the supremacy clause is an aspect of what needs to be looked at in terms of immigration. What is the wording, again, of the California statute? The wording is that, and it's a bit long, so I'll paraphrase. Just give me the words that matter. Okay. NOLO contendere, in cases other than those punishable as felonies, and this is California Penal Code 1016-3, the plea and any admissions required by the court during any inquiry it makes as to the voluntariness and factual basis for the plea may not be used against the defendant as an admission in any civil suit. That's what I thought. It's not used as an admission. A conviction doesn't require an admission. For example, a person can say, I didn't do it, and a jury can convict him. He's never made an admission, and it doesn't matter. Now, a plea of guilty, I did it, that's an admission. I don't contest a conviction is not an admission, but California still treats the conviction entered on it as a conviction, and so do the Feds. Well, the point is the supremacy clause is an aspect of it. All right. But the second problem is, is this a civil suit? These removal proceedings currently are a civil suit. It's a civil case. It's a civil proceeding. Is it a suit? Is it a lawsuit? No. Well, I would say that, to be fair. The third problem is, does this you think this even means to apply? Isn't civil suit doesn't mean a California civil suit? You think they're even trying to reach something outside of a California civil suit? Well, quite candidly, the code is not clear on that, and I don't pretend to try to impose my will on what the California legislature is doing. And I would also ask that this Court, as mandated by the U.S. Supreme Court, not do that as well, not try to substitute its judgment. No, but I'm asking you what the statute means. Well, to me, the statute means that it does say any civil suit, but I don't know. Isn't that a term of art that means a case in court? Well, I would say that the removal proceedings are now in court. So that's – I would say, first, that civil suit is not – to me, it's not solely to the lawsuit, like the lawsuit as if you're filing a complaint or something of that nature. Have you looked up what the term civil suit means in California? Candidly, no, I have not. Can I ask a different question? Certainly. These – there was a plea of NOLO. You're now arguing that that was not consequential for immigration proceedings. There is a recent case by the United States Supreme Court, Padilla v. Kentucky, saying that holding that counsel in criminal cases had the duty to advise of the immigration consequences of pleas. Do you happen to know – I looked into it enough to figure out that he was represented by counsel when he entered the plea. And I think there's a question of the retroactivity of Padilla. Do you – have you looked into that at all? I have not, Your Honor, and I do that for two reasons. And I say that for two reasons. One, I am not sure what Mr. Tokman's counsel advised him, and quite accountably, that's not in the record. So I can't. But also, number two, procedurally here, my understanding is that Mr. Tokman has not previously asserted an ineffective assistance of counsel claim, while it – under Padilla, as you mentioned, it might be a valid argument. I have not seen that. But the argument would be in the conviction, not here, right? That is quite correct. And thinking about it outside the box, I think if proceedings were remanded, potentially that might come up. But unfortunately for us, it's not here today. So to answer your question, Your Honor, I don't know about the retroactivity. The conviction still stands. This conviction was before Padilla was decided, I think. So we're speculating pretty far into the future, I guess. Right. I appreciate that, Your Honor. But to get back to the aspect of immigration and full faith and credit, I'm not saying that the Supremacy Clause has no applicability. What I'm saying is that the – one of the mandates of Federalism is that there is also the full faith and credit clause of the Constitution as well as the full faith and credit statute, which is 28 U.S.C. 1738. If all it takes is a judgment of conviction, regardless of whether it's based on an admission of guilt, why wouldn't we be denying full faith and credit if we didn't give credit to the California conviction? Well, and candidly, I believe that's the government's argument. I'm not asking the Court to give full faith and credit. What we have to give full faith and credit to are the judgments of State courts. But, Your Honor, also full faith and credit to the statutes that are enacted by the legislature. More broadly, though, I don't understand. It's a creative and interesting argument, but I do not understand its limits. Why – I mean, we have, you know, a large number of preemption cases every day. Are you arguing that they all were wrongly decided because in every instance, rather than having the Supremacy Clause trump the State statute, the State statute should trump the Federal statute? No, Your Honor, and I will answer that, but I'd like to reserve some time at the end. So I'll answer this question as briefly as I can. I'm not saying that we need to get into preemption. What I'm saying is that agencies are required to do certain things, and what I'm specifically looking at is the agency. The agency was required to give full faith and credit as well as do the supremacy  And what the Supremacy Clause does is give full faith and credit to the State statute. But you seem to be saying it was required to not follow the Federal statute. No, what I'm saying is there are two separate Federal statutes. There's the INA, which it did follow, but there's also the full faith and credit. But that's why I don't understand why your argument doesn't implicate every time you have a Federal statute that seems to preclude or, in here, it's not even preclude, but govern how a State statute applies, then you'd look at the full faith and credit statute and you'd say, oh, but the full faith and credit statute wins, and therefore, the State statute wins, not the Federal statute.  And why I'm not saying that is the only thing I'm requiring or asking you to require the agency to do is actually to take a look at if the California Penal Code applies. I'm not asking you to determine to substitute your judgment. I'm not asking you to tell the – I don't even know how the IJ or the BIA would rule. All I'm saying is that it's an abuse of discretion for the BIA to have ignored it. That's all I'm saying. It's a very narrow argument I understand. Kagan. But the agency has no expertise, whatever, on the application of the full faith and credit statute. Well, I would submit that under Gonzales-Martinez out of the District of Utah, because the BIA is a quasi-judicial proceeding or quasi-judicial body, it has – it cannot ignore the mandates of the full faith and credit clause. So whether or not it has the expertise or not, it has to – it has to take notice of it and analyze it. And, Your Honor, if I may, with that, I'd like to reserve the bulk of my time. Thank you very much. Thank you. Good morning. May it please the Court, my name is Nicole Thomas-Doris, and I represent the government. The agency did not abuse its discretion here when it denied Mr. Toppan's motion to reopen. Counsel, these California court judgments and related papers are a little hard to figure out which is the conviction. Here? What is he being convicted of here? No. Which is? The paper is the judgment of conviction. Hold on one moment. You understand what I'm looking at is the plea really doesn't matter if you've got a judgment of conviction, and I just want to see if you've got a judgment of conviction. If it's the judgment rather than the plea that matters, then we don't really need to even pay attention to the sentence about what a plea of no low can be used for. All we have to look at is the judgment. That's correct, Your Honor. I thought that the judgment was at page 89. Okay. 89 is the judgment. But I agree, Your Honor, that the judgment of a conviction is what matters here, not guilt or innocence, not an admission of guilt or innocence. And as Mr. Toppan conceded in his notice of appeal to the Board, the ---- Does this paper say on it somewhere that it's a judgment of conviction? That's what I was having trouble with. Partly it's hard for me to read because the font's too small. I'm sorry. I'm looking at the table of contents on page 79. Oh, you're right about page 89. I think that's the right paper. Oh, okay. I'm just trying to find the right words on it. You know, Your Honor, the very top of the copy of this record, it doesn't seem to be legible what the actual document title is. So I don't see right now it's saying judgment of conviction. And we can't tell if there's a judgment of conviction because the Xeroxing was sloppy? Well, I can't tell you exactly what that title line reads. Well, the BIA says there's a conviction in the record. Is that not so? Right. It does indeed. I just want to see it with my own eyes. Because once there's a judgment, he could have pleaded not guilty. The plea's not what's used against him if there's a judgment. That's correct. To be honest, Your Honor, I mean, he never – he waived appeal of the immigration judge's decision finding that there was a conviction and that it was a crime of stalking. And he doesn't argue now that it wasn't a conviction. And for that matter, I apologize. I had not pinpointed exactly where it says judgment of conviction. But this may be it, except the Xeroxing cuts off the words that say whether it is. That could be so. However, the issue of whether or not there was a judgment of conviction, it doesn't – there was no issue as to that. In fact, when he did appeal to the board, he admitted that there was a judgment of guilt entered against him in his notice of appeal. He argued instead that despite there was a judgment of – despite the judgment of guilt, that because his judgment of guilt was entered after his plea, his NOLO plea, that the – that it could not, quote, be used against him in removal proceedings. And then now, with counsel, he argues that it should be – that the California, you know, quote, Section 1016 should be given full faith and credit. So – but the full faith and credit act has no bearing on this case because the full faith and credit act obligates federal courts to give full faith and credit act to state legislative acts, but only if the state law does not conflict with the federal constitution, the statutes, or regulations, and thus does not run afoul of the supremacy clause. And the immigration judge acknowledged that in denying the motion to reopen and stating briefly that per the supremacy clause, the immigration and nationality acts definition of conviction would trump. However, supremacy and preemption aside, California Penal Code Section 1016-3 does not affect the validity of Mr. Tokpan's conviction for stalking pursuant to that statute, and NOLO plea to a misdemeanor cannot be used as a party admission in a subsequent civil suit. So to the extent that 1016-3 would even apply in Federal removal proceedings, assuming – assuming it would.  And to the conviction issue, on page 89, there is a check that says, Court finds based upon plea of NOLO conductore, the court finds defendant guilty of count one, I guess, or two. And there's a check. Is that not it? Where are you? On page 89. You've got an iPad. You can see it there. And over here, court finds defendant based upon plea of NOLO conductore, court finds defendant guilty of count one. Ah, there we are. Great. Okay. That looks like a conviction. I would agree that it is a judgment of conviction there. And now we know he's convicted. Yes. Do we need to know any more? No. The Immigration and Nationality Act states that as long as there is a judgment of guilt entered against a person in proceedings, that is a conviction. And what matters in immigration proceedings is not the conviction itself and not actual guilt or innocence. So an omission would not change the validity of this conviction for removal purposes. Now, the NOLO plea, it's headed off by an or. That's if you don't have a formal judgment of guilt entered by a court. But here you do have a formal judgment of guilt entered by a court. Right. The language regarding the NOLO plea in the Act is if judgment has been withheld. And so I would say that in immigration proceedings, it's the existence of this conviction, not Mr. Tokpan's actual guilt or innocence, that renders him removable from the United States. And I would – if there are no other questions, I would conclude by stating that the Board acted well within its discretion in determining that this conviction was a crime of stalking, albeit pursuant to a NOLO contender plea. But it was a conviction under the Act. And the Respondent would respectfully request that the Court deny the petition for review. I don't want to take you off on a tangent, and I apologize if it appears that way. But I question your adversary on Padilla v. Kentucky, and I understand that the retroactivity of that, it's an interesting issue, is being argued this week or something like that. Right. Has the Justice Department taken a position on the retroactivity of Padilla v. Kentucky? Not that I'm aware of. I, like Petitioner's counsel, have not looked into that with regard to this case. She means in general has the Justice Department. In general, not for this case. Right, right. And I don't, and I'm sorry, I do not know. And so with that, again, I would conclude by stating that the Board acted well within its discretion. Thank you very much. Thank you so much, Your Honor. Thank you, Your Honors. I know my time is brief, so I'll be as quickly as I can. The argument this morning has been about whether or not there has been a judgment. I am not arguing that. What I'm arguing is that the agency was required to analyze whether or not the California Penal Code has any applicability. I don't see why, under the grammar. It says the Federal statute, 1101.48a, says the term conviction means a formal judgment of guilt of the alien entered by a court. And it looks like we have that. And then it goes on, or, if adjudication of guilt has been withheld. And after the or, it goes into these various other possibilities, such as a plea of nolo. But if you have a formal judgment of guilt of the alien entered by a court, you don't get past the or. It's an alternative you don't reach. And it seems to me that your argument founders on that. So educate me if I'm misreading this. Well, Your Honor, I'm not disputing what the statute says about convictions. What I'm saying is that the agency was required to determine that. It seems like at this point, this morning, we're trying to impose our judgment out. Well, I'm not even sure about that, because, well, first of all, was this issue ever raised with the agency? Yes. Yes, it was. I would submit that it was raised with the agency, because even though Mr. Topin did not use the magic phrase, full faith and credit, Ninth Circuit cases have said that, especially pro se pleadings are to be liberally construed, as long as the agency has notice and the opportunity to address it, then it is raised and the exhaustion requirement has been set. Well, if he doesn't mention the statute, then it's a rather arcane issue. But also, I'm not even sure, as I said before, that the agency has any expertise in this area to apply. Correct, Your Honor, and if I may, I'll answer. It seems like there's two questions. First, you're correct that Mr. Topin did not specifically reference the specific statute, the full faith and credit statute. He did specifically reference the California Penal Code statute, and he said that at the I.J. level and his motion to reopen, and then also before the Board of Immigration Appeals, he said that his that statute applies in his case and it should not be used against him in the subsequent civil matter. So that even though full faith and credit was not there, it was enough, especially in his pro se pleadings, to put the agency on notice. Okay. Thank you very much. Thank you both for your arguments. The case of Topin v. Holder is submitted.
judges: Schroeder, Kleinfeld, Berzon